COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-027-CV

 

 

RUTH GROOMER                                                                 APPELLANT

 

                                                   V.

 

TEXAS DEPARTMENT OF FAMILY                                             APPELLEE

AND PROTECTIVE SERVICES

 

                                              ------------

 

            FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In two issues, Appellant Ruth Groomer asserts
that the trial court erred by granting summary judgment to Appellee Texas
Department of Family and Protective Services (ATDFPS@).  We affirm.








                              II.  Factual and Procedural History

In
August 2007, Groomer, a TDFPS employee, sued TDFPS under the Texas
Whistleblower Act,[2]
alleging in her original petition that she became aware of several incidents of
illegal activity or conduct by her supervisors and that, upon reporting this
conduct, her supervisors retaliated through adverse personnel actions and
conduct against her.  Specifically, she
alleged that Supervisor Colleen Sells Aillegally extorted@ a $1,500 loan from
Groomer in 2003 and then failed to repay it for a year and that Supervisor Myra
McClacherty used office furniture for her personal use and used state employees
on state time to help her move into her private residence in 2006.  

The following is a
partial timeline of this case=s procedural history: 

 

August 2007              Groomer
files her original petition.

 

October &                  Groomer
responds to TDFPS discovery. 

December
2007 

 

April 1, 2008              Scheduling
order entered, setting August 29, 2008, as the discovery deadline; September
12, 2008, as the deadline for motions for summary judgment; and November 3,
2008, as trial date.[3]

 








June & July 2008        Additional discovery from Groomer to TDFPS.

 

September 4, 2008      TDFPS
files no-evidence motion for summary judgment. 

 

September 17, 2008    Hearing on TDFPS=s no-evidence motion for summary judgment is set
for October 23, 2008.

 

October 7, 2008         Deposition
date for depositions of Rhoda Bailey, Colleen Sells, and Kelly Bradford per
subpoenas issued September 25, 2008.

 

October 16, 2008        Response
to no-evidence motion for summary judgment is due, but none is filed.[4]  See Tex. R. Civ. P. 166a(c).

 

October 22, 2008        Amended
Scheduling order entered, setting January 23, 2009, as the new discovery deadline,
February 6, 2009, as the new deadline for dispositive motions, and April 6,
2009, as the new trial date.

 

October 23, 2008        First
scheduled hearing on TDFPS=s no-evidence motion for summary judgment.  Groomer fails to respond or file a motion for
an extension.

 

October 30, 2008        Second
hearing on TDFPS=s no-evidence motion for
summary judgment is set for December 1, 2008.

 








October 31, 2008        Trial
court orders Groomer to respond to TDFPS=s no-evidence motion for summary judgment by
November 6, 2008.

 

November 7, 2008       Groomer
files response to TDFPS=s no-evidence motion for
summary judgment. 

 

November
13, 2008     Groomer files amended
response to TDFPS=s no-evidence motion for summary
judgment. 

December 1, 2008       Trial
court enters an order granting TDFPS=s no-evidence motion for summary judgment.[5]

 

This appeal followed.

 

                                           III.
Discovery








In her second issue, Groomer complains that
granting the summary judgment was improper because the parties had not
completed discovery.  When a party contends
that it has not had an adequate opportunity for discovery before a summary
judgment hearing, it must file either an affidavit explaining the need for
further discovery or a verified motion for continuance.  Tenneco Inc. v. Enter. Prods. Co., 925
S.W.2d 640, 647 (Tex. 1996); see also Ford Motor Co. v. Castillo, 279
S.W.3d 656, 662 (Tex. 2009) (stating that Tenneco applies to cases in
which the parties conducted formal discovery and seek time for additional
discovery).  The record does not reflect
that Groomer did either.  Therefore, we
overrule her second issue.

                                    IV.
 Summary Judgment

In her first issue, Groomer asserts the trial
court erred by granting TDFPS=s
no-evidence motion for summary judgment because she provided sufficient
evidence in her response to defeat the motion. 

A.  Standard of Review

After an adequate time for discovery, the party
without the burden of proof may, without presenting evidence, move for summary
judgment on the ground that there is no evidence to support an essential
element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).  The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises
a genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) & cmt.; Sw. Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002).








When reviewing a no-evidence summary judgment, we
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  Sudan v. Sudan, 199
S.W.3d 291, 292 (Tex. 2006).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no-evidence summary judgment is
not proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan
Antonio 1998, pet. denied).  We review a
no‑evidence summary judgment for evidence that would enable reasonable
and fair‑minded jurors to differ in their conclusions.  Hamilton v. Wilson, 249 S.W.3d 425,
426 (Tex. 2008) (citing City of Keller v. Wilson, 168 S.W.3d 802, 822
(Tex. 2005)).

When a trial court=s order
granting summary judgment does not specify the ground or grounds relied on for
its ruling, summary judgment will be affirmed on appeal if any of the theories
presented to the trial court and preserved for appellate review are
meritorious.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).

B.  TDFPS=s
Grounds for Summary Judgment

The Texas Whistleblower Act provides,  








A state or local
governmental entity may not suspend or terminate the employment of, or take
other adverse personnel action against, a public employee who in good faith
reports a violation of law by the employing governmental entity or another
public employee to an appropriate law enforcement authority.

 

Tex. Gov=t Code Ann. ' 554.002(a).

A report is made to an Aappropriate
law enforcement authority@ if the authority is a part of a
state or local governmental entity or of the federal government that the
employee in good faith believes is authorized to (1) regulate under or enforce
the law alleged to be violated in the report; or (2) investigate or prosecute a
violation of criminal law.  Id. ' 554.002(b).  A Alaw@ for
purposes of the Texas Whistleblower Act is a state or federal statute, a local
governmental entity=s ordinance, or a rule adopted
under a statute or ordinance.  Id.
' 554.001(1)
(Vernon 2004).  AGood
faith@ means
that (1) the employee believed that the conduct reported was a violation of law
(the Ahonesty
in fact@
element) and (2) the employee=s belief
was reasonable in light of the employee=s
training and experience (that is, that a reasonably prudent employee in similar
circumstances would have believed the facts as reported were a violation of
law).  Tex. Dep=t of
Transp. v. Needham, 82 S.W.3d 314, 320B21 (Tex.
2002) (quoting Wichita County v. Hart, 917 S.W.2d 779, 784 (Tex. 1996)).








TDFPS moved for summary judgment on the grounds
that Groomer could produce no evidence of Agood
faith@ in
making her reports of violations of laws; could not identify any Alaw(s)@ she
actually and objectively believed TDFPS violated; and could produce no evidence
to show that the reports were made to an Aappropriate
law enforcement authority.@

Groomer attached four pages of her own deposition
to her response.  In those four pages,
she testifies about the denial of a grievance she filed after being forced to
involuntarily transfer to another office and her medication (Effexor) and
attorney=s
fees.  However, she did not raise the
involuntary transfer in her original petition, and no subsequent petitions are
reflected in the record. 

Groomer also testifies in those four pages that
Supervisor Sells wrote her up Afor not
submitting [her] travel in a timely manner@ and
that she wrote a response and asked for it to be part of her file but did not
file a grievance.  She testified that she
did not know what law was violated by loaning money to Sells and that she
reported it in a letter to Sells, Ferrari, Wright, Ted Keating, the Civil
Rights Office, Joyce James, Kerry Cochrill, and Thomas Chapman.  She explained that Kerry Cochrill Ais head
of theCI don=t
know.  He=s our
executive director or whatever, and [Joyce] James worked under him.@ 








Groomer attached seven pages of her deposition to
her amended response, of which four were the same that had been attached to her
first response.  The remaining three new
pages contained her testimony that she did not recall what she had said in the
letter or what else she had complained about, A[j]ust
that there were things going on in that office that should be addressed.@

With regard to Supervisor McClacherty, she
testified that the office furniture McClacherty allegedly took were chairs for
a Thanksgiving dinner party.  However,
Groomer could only testify that McClacherty sent an email that said she was
taking them; she testified that she did not know how many chairs, or what kind,
or whether McClacherty returned them, or whether McClacherty was written up for
taking them.  She merely stated, AI can=t
imagine someone admitting to taking state property if they didn=t.@  And with regard to McClacherty=s
alleged use of state employees on state time to help her move into her
apartment, Groomer gave the following testimony:

I know there=s aCthere=s a letter thatCa conference that she had
with me, and it=s in documents that I=ve supplied.  So it=s in that. 
All the information is in it where she=s talking about Suzie
Perkins and I believe CourtneyCI don=t remember Courtney=s last nameCthat they came during their
lunch hour.  She didn=t mention Jeremy, but
Jeremy told me.

 








She testified that Jeremy did not go to help McClacherty move on his
lunch hour, but she did not know when he went. 
The documents, including her letters, that she referred to were
apparently not entered into evidence at her deposition and were not attached to
either her response or amended response.

Groomer=s
testimony fails to establish that she made her report on her loan to Sells to
an Aappropriate
law enforcement authority,@ or to
describe how Sells Aextorted@ the
loan from her in violation of some unidentified law, or how Cochrill, the Aexecutive
director or whatever,@ or the other individuals that
she named would be authorized to investigate or prosecute Sells if Sells did
extort a loan from her.  See Needham,
82 S.W.3d at 319B22.  Groomer=s
testimony also fails to establish whether McClacherty actually violated any lawCshe
testified that she did not know if McClacherty had actually taken any chairs
from the office and that she did not know when another employee allegedly
helped McClacherty move into her apartment. 
The deposition pages attached to her response do not indicate that she
made any reports about McClacherty=s
activities to an Aappropriate law enforcement
authority.@ 
See id.








Based on the evidence produced by Groomer in
response to TDFPS=s no-evidence motion for summary
judgment, we conclude that the trial court did not err by granting summary
judgment for TDFPS because she failed to produce more than a scintilla of
probative evidence to raise a genuine issue of material fact with regard to at
least one ground presented by TDFPS.  See
Moore, 981 S.W.2d at 269. 
Therefore, we overrule her first issue.

                                          V.  Conclusion

Having overruled Groomer=s two
issues, we affirm the trial court=s
judgment.

 

BOB
MCCOY

JUSTICE

 

PANEL: GARDNER, WALKER,
and MCCOY, JJ.

 

DELIVERED: July 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Gov=t Code Ann. ' 554.002 (Vernon 2004).





[3]The trial court sent the parties a ANotice of Court=s Intention to Dismiss,@ stating that it would dismiss the
case for want of prosecution unless, among other things, a trial scheduling
order was signed before April 4, 2008.





[4]On October 21, 2008, TDFPS sent
Groomer a letter requesting that she submit a response to its no-evidence
motion for summary judgment before the hearing set for October 23, 2008, but
Groomer failed to do so.





[5]We observe that the order not only
states that the trial court heard the motion on October 23, 2008, but also that
the trial court considered Athe pleadings, motion, response[,] and arguments of counsel@ before it granted the motion.  Neither party=s brief explains this incongruity
with the timeline set out above; however, as the second hearing on the motion
was set for December 1, 2008, and the order was signed December 1, 2008, we
infer that the parties merely failed to provide the trial court with an updated
order from the first scheduled hearing on October 23, 2008.