

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00039-CV

ROBERT J. SUMIEN                                          APPELLANT

V.

CAREFLITE                                                     APPELLEE

----------

### FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

In one issue, Appellant Robert J. Sumien appeals the trial court's order granting CareFlite's summary judgment motion and dismissing his claim for invasion of privacy.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

Sumien worked for CareFlite as an emergency medical technician. His ambulance partner, Jan Roberts, posted a comment on the Facebook "wall" of another CareFlite employee, Scott Schoenhardt, that referenced wanting to slap a patient whom Roberts had recently transported. Delicia Haynes, CareFlite Compliance Officer Sheila Calvert's sister, saw Roberts's comment, was offended, and notified Calvert. Calvert, who was Facebook "friends" with Schoenhardt and, thus, had access to his "wall," read Roberts's comments.

After an exchange between Roberts and Calvert, Roberts posted a comment on her own Facebook "wall" stating,

> Yes, I DO get upset on some calls when my patient goes off in the house and I have to have a firefighter ride in with me because I fear for MY own safety. I think that is a valid excuse for wanting to use some sort of restraints. Just saying.

In response, Sumien posted a comment on Roberts's "wall" stating, "Yeah like a boot to the head . . . . Seriously yeah restraints or actual HELP from PD instead of the norm." Haynes saw this comment, was offended, notified Calvert, and complained in writing to CareFlite management about both Roberts's and Sumien's comments.

After CareFlite terminated both Roberts and Sumien, Sumien sued CareFlite and brought causes of action for unlawful termination, intrusion upon seclusion, and public disclosure of private facts. CareFlite filed a hybrid no-evidence and traditional summary judgment motion relating to all three causes of

2

action, and the trial court granted this motion without specifying the ground upon which it relied and dismissed Sumien's claims.

### III. Intrusion upon Seclusion

In his sole issue, Sumien claims that the trial court improperly granted CareFlite's motion for summary judgment on his intrusion upon seclusion claim.

### A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant failed to satisfy that burden, then there is no need to analyze whether the appellee's summary judgment proof satisfied the less stringent rule 166a(c) burden. *Id.*

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

## B. Intrusion upon Seclusion Law and Analysis

An unwarranted intrusion upon seclusion is proved by showing (1) an intentional intrusion, physical or otherwise, upon another's solitude, seclusion, or private affairs or concerns that (2) would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).

Sumien does not explain on appeal how the first element of this tort is satisfied—how any act by a CareFlite employee was an invasion upon Sumien's

private affairs or concerns. *See id.* Instead, he first argues that his comment was protected against disclosure because his right to discuss patient restraints outweighed any issue of public concern. *See Tex. Comptroller of Pub. Accounts v. Att'y Gen. of Tex.*, 354 S.W.3d 336, 337, 341–48 (Tex. 2010) (balancing an individual's right of privacy against the public's right to government information and holding that disclosure of employee birth dates constituted a "clearly unwarranted invasion of personal privacy" and that these dates were exempt from the Texas Public Information Act's disclosure requirements). However, Sumien's argument regarding public disclosure of private facts is not relevant to whether CareFlite intruded upon his seclusion because disclosure is not an element of the intrusion tort. *See Clayton v. Richards*, 47 S.W.3d 149, 153 (Tex. App.—Texarkana 2001, pet. denied) (recognizing that liability for intrusion upon seclusion does not turn on publication of any kind and that the core of the offense is prying into the private domain of another, not the publicity that may result).

Next, Sumien argues that employers cannot fire employees for engaging in concerted workplace-related discussions on Facebook. But this argument is also irrelevant because our inquiry does not involve whether CareFlite could terminate Sumien for posting his Facebook comment but, instead, involves whether CareFlite intruded upon Sumien's private affairs or concerns by viewing this comment. *See Valenzuela*, 853 S.W.2d at 513.

Finally, Sumien contends that CareFlite intruded upon his seclusion because he did not realize that Roberts's Facebook "friends" could view the

5

comment that he posted on Roberts's "wall." While Sumien presented evidence showing that he misunderstood Roberts's Facebook settings, did not know who had access to Roberts's "wall," and did not know how CareFlite was able to view his comment, he did not present any evidence to show that his misunderstanding meant that CareFlite intentionally intruded upon his seclusion. *See id.*

Therefore, even viewing the record in the light most favorable to Sumien, *see Sudan*, 199 S.W.3d at 292, Sumien did not produce more than a scintilla of probative evidence raising a genuine issue of material fact regarding his intrusion upon seclusion claim. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton*, 249 S.W.3d at 426; *Valenzuela*, 853 S.W.2d at 513. Accordingly, the trial court did not err by granting CareFlite's no-evidence motion for summary judgment, and we overrule Sumien's sole issue without reaching the traditional summary judgment standard. *See Smith*, 288 S.W.3d at 424; *Ford Motor Co.*, 135 S.W.3d at 600.

## IV. Conclusion

Having overruled Sumien's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, DAUPHINOT, and WALKER, JJ.

DELIVERED: July 5, 2012

6