02-12-039-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00039-CV

 

 


 
 
 Robert J. Sumien
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 CareFlite
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 236th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

In
one issue, Appellant Robert J. Sumien appeals the trial court’s order granting CareFlite’s
summary judgment motion and dismissing his claim for invasion of privacy.  We
affirm.

II. 
Factual and Procedural History

Sumien
worked for CareFlite as an emergency medical technician.  His ambulance
partner, Jan Roberts, posted a comment on the Facebook “wall” of another
CareFlite employee, Scott Schoenhardt, that referenced wanting to slap a
patient whom Roberts had recently transported.  Delicia Haynes, CareFlite
Compliance Officer Sheila Calvert’s sister, saw Roberts’s comment, was
offended, and notified Calvert.  Calvert, who was Facebook “friends” with
Schoenhardt and, thus, had access to his “wall,” read Roberts’s comments.

After
an exchange between Roberts and Calvert, Roberts posted a comment on her own
Facebook “wall” stating,

Yes, I DO get upset on some calls when my patient goes
off in the house and I have to have a firefighter ride in with me because I
fear for MY own safety.  I think that is a valid excuse for wanting to use some
sort of restraints.  Just saying.

In
response, Sumien posted a comment on Roberts’s “wall” stating, “Yeah like a
boot to the head . . . .  Seriously yeah restraints or
actual HELP from PD instead of the norm.”  Haynes saw this comment, was offended,
notified Calvert, and complained in writing to CareFlite management about both
Roberts’s and Sumien’s comments.

After
CareFlite terminated both Roberts and Sumien, Sumien sued CareFlite and brought
causes of action for unlawful termination, intrusion upon seclusion, and public
disclosure of private facts.  CareFlite filed a hybrid no-evidence and traditional
summary judgment motion relating to all three causes of action, and the trial
court granted this motion without specifying the ground upon which it relied and
dismissed Sumien’s claims.

III. 
Intrusion upon Seclusion

In
his sole issue, Sumien claims that the trial court improperly granted
CareFlite’s motion for summary judgment on his intrusion upon seclusion claim.

A. 
Standard of Review

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  When a party moves for summary judgment under both
rules 166a(c) and 166a(i), we will first review the trial court’s judgment
under the standards of rule 166a(i).  Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 600 (Tex. 2004).  If the appellant failed to satisfy that burden,
then there is no need to analyze whether the appellee’s summary judgment proof
satisfied the less stringent rule 166a(c) burden.  Id.

After
an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant’s claim or
defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence.  Id.; Timpte Indus., Inc. v.
Gish, 286 S.W.3d 306, 310 (Tex. 2009).  The trial court must grant the
motion unless the nonmovant produces summary judgment evidence that raises a
genuine issue of material fact.  See Tex. R. Civ. P. 166a(i) & cmt.;
Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).

When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion.  Sudan v. Sudan, 199 S.W.3d
291, 292 (Tex. 2006).  We review a no-evidence summary judgment for evidence
that would enable reasonable and fair-minded jurors to differ in their
conclusions.  Hamilton, 249 S.W.3d at 426 (citing City of Keller v.
Wilson, 168 S.W.3d 802, 822 (Tex. 2005)).  We credit evidence favorable to
the nonmovant if reasonable jurors could, and we disregard evidence contrary to
the nonmovant unless reasonable jurors could not.  Timpte Indus., 286
S.W.3d at 310 (quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582
(Tex. 2006)).  If the nonmovant brings forward more than a scintilla of
probative evidence that raises a genuine issue of material fact, then a
no-evidence summary judgment is not proper.  Smith v. O’Donnell, 288
S.W.3d 417, 424 (Tex. 2009); King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003), cert. denied, 541 U.S. 1030 (2004).

B. 
Intrusion upon Seclusion Law and Analysis

An unwarranted
intrusion upon seclusion is proved
by showing (1) an intentional intrusion, physical or otherwise, upon another’s
solitude, seclusion, or private affairs or concerns that (2) would be highly
offensive to a reasonable person.  Valenzuela v. Aquino, 853 S.W.2d 512,
513 (Tex. 1993).

Sumien
does not explain on appeal how the first element of this tort is satisfied—how
any act by a CareFlite employee was an invasion upon Sumien’s private affairs
or concerns.  See id.  Instead, he first argues that his comment was
protected against disclosure because his right to discuss patient restraints
outweighed any issue of public concern.  See Tex. Comptroller of Pub.
Accounts v. Att’y Gen. of Tex., 354 S.W.3d 336, 337, 341–48 (Tex. 2010) (balancing
an individual’s right of privacy against the public’s right to government
information and holding that disclosure of employee birth dates constituted a
“clearly unwarranted invasion of personal privacy” and that these dates were
exempt from the Texas Public Information Act’s disclosure requirements).  However,
Sumien’s argument regarding public disclosure of private facts is not relevant
to whether CareFlite intruded upon his seclusion because disclosure is not an
element of the intrusion tort.  See Clayton v. Richards, 47 S.W.3d 149,
153 (Tex. App.—Texarkana 2001, pet. denied) (recognizing that liability for intrusion
upon seclusion does not turn on publication of any kind and that the core of
the offense is prying into the private domain of another, not the publicity that
may result).

Next,
Sumien argues that employers cannot fire employees for engaging in concerted
workplace-related discussions on Facebook.  But this argument is also
irrelevant because our inquiry does not involve whether CareFlite could
terminate Sumien for posting his Facebook comment but, instead, involves whether
CareFlite intruded upon Sumien’s private affairs or concerns by viewing this
comment.  See Valenzuela, 853 S.W.2d at 513.

Finally,
Sumien contends that CareFlite intruded upon his seclusion because he did not
realize that Roberts’s Facebook “friends” could view the comment that he posted
on Roberts’s “wall.”  While Sumien presented evidence showing that he
misunderstood Roberts’s Facebook settings, did not know who had access to
Roberts’s “wall,” and did not know how CareFlite was able to view his comment, he
did not present any evidence to show that his misunderstanding meant that
CareFlite intentionally intruded upon his seclusion.  See id.

Therefore,
even viewing the record in the light most favorable to Sumien, see Sudan,
199 S.W.3d at 292, Sumien did not produce more than a scintilla of probative
evidence raising a genuine issue of material fact regarding his intrusion upon
seclusion claim.  See Tex. R. Civ. P. 166a(i) & cmt.; Hamilton,
249 S.W.3d at 426; Valenzuela, 853 S.W.2d at 513.  Accordingly, the
trial court did not err by granting CareFlite’s no-evidence motion for summary
judgment, and we overrule Sumien’s sole issue without reaching the traditional
summary judgment standard.  See Smith, 288 S.W.3d at 424; Ford
Motor Co., 135 S.W.3d at 600.

IV. 
Conclusion

Having
overruled Sumien’s sole issue, we affirm the trial court’s judgment.

 

 

 

PER CURIAM

 

PANEL: 
MCCOY, DAUPHINOT,
and WALKER, JJ.

 

DELIVERED:  July 5, 2012









[1]See Tex. R. App. P. 47.4.