# NO. 12-13-00034-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PHIL VICKNAIR AND VERA VICKNAIR, BOTH INDIVIDUALLY AND AS NEXT FRIENDS OF KIERSTEN VICKNAIR, A MINOR AND ON BEHALF OF THE ESTATE OF SHELLAE R. VICKNAIR, DECEASED,* | *§* | *APPEAL FROM THE 7TH* |
| *APPELLANTS* | *§* | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *MARK R. PETERS, RANDALL J. PETERS AND PETERS CHEVROLET, INC.,* | | |
| *APPELLEES* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Phil Vicknair and Vera Vicknair, both individually and as next friends of K.V., a minor, and on behalf of the estate of Shellae R. Vicknair, deceased, (the Vicknairs), appeal the trial court's summary judgment dismissing their negligence claims against Mark R. Peters. In two issues, the Vicknairs argue that (1) Mark owed Shellae a duty of care to drive in an ordinary and prudent manner as a matter of law, and (2) they presented more than a scintilla of evidence as to each element of their negligence claim against Peters. We affirm.

### BACKGROUND

In the early morning hours of January 18, 2009, Shellae was driving eastbound on Interstate 20 toward Longview, Texas, when she collided with the interior median wall. The collision occurred approximately eight miles west of Liberty City, Texas. Shellae's vehicle, a gray Mazda car, came to rest almost perpendicular to the interior median wall with a significant

portion of her vehicle blocking the interior lane of the interstate. After Shellae's vehicle hit the interior median wall, its lights were no longer visible. The vehicle was further obscured because Shellae's accident occurred in an unlit portion of the interstate. Nevertheless, Shellae went to her trunk to retrieve some personal items, which required her to stand in the inside lane of traffic on the interstate.

Mark was driving a truck with his family traveling down Interstate 20. While Shellae was still at her trunk, Mark approached the scene of Shellae's one vehicle accident. Mark did not see Shellae's vehicle until it was too late to avoid a collision. His truck collided with Shellae's vehicle, and because of where Shellae stood, the truck also struck Shellae. Shellae died as a result of the second accident.

Shellae's parents, the Vicknairs, sued Mark R. Peters, Randall J. Peters, and Peters Chevrolet, Inc., for Shellae's death. They alleged that Mark was liable based on theories of negligence and negligence per se, and that Randall and Peters Chevrolet were liable based on the theory of negligent entrustment. Mark moved for partial summary judgment on the Vicknairs' negligence per se claims, and Randall and Peters Chevrolet moved for summary judgment on the negligent entrustment claims. The trial court granted both motions.

As to their negligence claims, the Vicknairs alleged that Mark (1) failed to keep a proper lookout for Shellae's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances, (2) failed to take safe evasive action so as to avoid the collision in question, (3) was operating the motor vehicle at a rate of speed greater than would have been operated by a person of ordinary prudence under the same or similar circumstances, (4) failed to apply the brakes to the motor vehicle in a timely and prudent manner in order to avoid the collision in question, (5) failed to obey the rules of the road, and (6) drove in a reckless manner with a deliberate, conscious indifference to the safety of others. After a sufficient time for discovery had elapsed, Mark filed a no evidence motion for summary judgment as to the Vicknairs' claims of negligence against him.

The Vicknairs responded that there was evidence of Mark's negligence. Specifically, the Vicknairs referenced a statement by Aaron Beene, who witnessed both accidents. Beene stated that two of three cars missed Shellae's car, but the third, Mark's truck, struck her car in the rear. Beene also stated that he told his girlfriend just before the second accident that he needed to move his car and turn on his flashers. The Vicknairs also referenced Mark's deposition

testimony where he stated that (1) there was nothing obstructing his view of the roadway at the time the collision occurred, (2) his headlights were on and functioning, and (3) he could see the roadway in front of him.

The trial court granted Mark's summary judgment motion as to the Vicknairs' negligence claims, and the Vicknairs appealed.[1]

**MOTION FOR SUMMARY JUDGMENT**

In their second issue, the Vicknairs complain that the trial court erred in granting summary judgment for Mark because they presented a genuine issue of material fact regarding his negligence.

## Standard of Review

After an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See **Ford Motor Co. v. Ridgway***, 135 S.W.3d 598, 600 (Tex. 2004). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. ***King Ranch, Inc. v. Chapman***, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Id*. at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id*. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Id*. For instance, under the equal inference rule, evidence of circumstances equally consistent with two facts does not rise above a scintilla of proof of either fact, and is thus no evidence of either. *See **City of Keller v. Wilson***, 168 S.W.3d 802, 813 (Tex. 2005).

---

[1] The Vicknairs do not challenge the trial court's grant of summary judgment on their other claims.

3

We review the entire record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c).

**Applicable Law**

To establish negligence, a plaintiff must show that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff's injuries. *See Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

Whether a duty exists is a question of law. *Allen Keller Co. v. Foreman*, 343 S.W.3d 420, 425 (Tex. 2011). To determine whether a duty exists, we weigh the risk, foreseeability, likelihood of injury, and the consequences of placing the burden on the defendant. *Id*.

Proximate cause requires cause in fact and foreseeability. *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002). Cause in fact requires the act or omission to be a substantial factor in causing the injury "without which the harm would not have occurred." *Doe v. Boys Club of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). Foreseeability requires that the negligent actor anticipated, or should have anticipated, the danger his or her negligence creates. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549-50 (Tex. 1985).

**Discussion**

On appeal, the Vicknairs contend that Mark owed the duty of care to maintain a proper lookout, that he breached that duty when he collided with Shellae on the interstate, and that his negligence caused Shellae's injuries. Because it is dispositive of the issue, we first address whether the Vicknairs brought forth more than a scintilla of evidence that Mark breached his duty to maintain a proper lookout.

The Vicknairs rely on a statement by an eyewitness to the accidents, Beene, and deposition testimony from Mark for evidence of Mark's breach. However, when each statement is examined, the total weight of the evidence does no more than create a suspicion that Mark could have breached a duty, and that is no evidence. *See King Ranch*, 118 S.W.3d at 751.

4

First, Beene stated that two of three cars missed Shellae's car, but one car hit her car in the rear. Mark's vehicle is the one that struck Shellae's vehicle. But we need to know more about the other two vehicles before we can determine that Beene's statement is evidence of Mark's breach.

We know that Shellae's car was in the inside lane of Interstate 20. From Beene's statement and Mark's testimony, we likewise know that Mark was traveling in the inside lane of Interstate 20. But we do not know whether the other two vehicles referenced by Beene were traveling in the inside lane or the outside lane of Interstate 20. If the other two vehicles were traveling in the outside lane, the drivers of those two vehicles would have avoided a collision with Shellae's car simply by happenstance and not necessarily because her car was visible to a person keeping a proper lookout. We also note that according to Mark's statement to the police, there is some evidence that at least one of the vehicles was traveling in the outside lane because Mark stated that a vehicle was to his right when his vehicle collided with Shellae's.

Second, Beene also stated that he told his girlfriend just before the second accident that he needed to move his car and turn on his flashers accident. There are several problems with this statement from the Vicknairs' perspective. There is no evidence that Beene actually performed this task before the second accident occurred. Also, there is no evidence about the location of Beene's vehicle in relation to the first accident, and thus, no evidence that Beene's flashers provided light for oncoming travelers to see Shellae's disabled vehicle. We do know that Beene's vehicle would have been on the shoulder beside the outside lane while Shellae's vehicle was disabled in the inside lane.

Third, Mark testified in his deposition that nothing obstructed his view of the roadway at the time the collision occurred, his headlights were turned on and functioning, and he could see the roadway in front of him. Assuming this evidence is true, it is still no evidence that Mark breached a duty when his vehicle collided with Shellae's. This is not a case where the evidence shows that Mark could have seen Shellae and her vehicle if he was paying attention, but failed to do so. Instead, the evidence shows that Mark could not see Shellae's vehicle until it was too late.

After reviewing the entire record in the light most favorable to the Vicknairs and indulging every reasonable inference in their favor, we conclude that the evidence is so weak as to do no more than create a mere surmise or suspicion as to Mark's breach, and thus is no

5

evidence.  *Id*.  Accordingly, the trial court properly granted Mark's no evidence motion for summary judgment as to the Vicknairs' claims that Mark was negligent.

We overrule the Vicknairs' second issue regarding whether Mark breached a legal duty. Because we have concluded that the Vicknairs presented no evidence that Mark breached a legal duty, we need not address the other aspects of the Vicknairs' second issue or the Vicknairs' first issue.  *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having overruled the Vicknairs' second issue regarding whether Mark breached a duty, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered January 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2014**

**NO. 12-13-00034-CV**

**PHIL VICKNAIR AND VERA VICKNAIR, BOTH INDIVIDUALLY AND AS NEXT FRIENDS OF KIERSTEN VICKNAIR, A MINOR AND ON BEHALF OF THE ESTATE OF SHELLAE R. VICKNAIR, DECEASED,**
Appellants
V.
**MARK R. PETERS, RANDALL J. PETERS AND PETERS CHEVROLET, INC.,**
Appellees

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 11-0123-A)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellants, **PHIL VICKNAIR AND VERA VICKNAIR,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*