

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00222-CV

ELVIA ANDRADE                                                                 APPELLANT

V.

HANY SHARAF D/B/A PAUL'S                                          APPELLEE
DONUT & SUB SHOP

----------

### FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 067-270860-14

----------

## MEMORANDUM OPINION[1]

----------

Appellant Elvia Andrade appeals from the trial court's order granting summary judgment in favor of Appellee Hany Sharaf d/b/a Paul's Donut & Sub Shop (Paul's Donut & Sub Shop). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background**

From 2001 through 2013, Andrade worked as a cashier and server at Paul's Donut & Sub Shop. She claims that from October 30, 2010, through October 30, 2013, she worked an average of sixty hours per week but was not paid overtime wages. She sued Paul's Donut & Sub Shop under the Fair Labor Standards Act (FLSA) to recover $39,200.22 in unpaid overtime wages. *See* 29 U.S.C.A. § 207(a)(1) (West 1998).[2]

Paul's Donut & Sub Shop filed a motion for summary judgment, claiming that it was entitled to judgment as a matter of law because it was not subject to 29 U.S.C.A. § 207, which provides in part as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

*Id.* Specifically, Paul's Donut & Sub Shop argued that it was not engaged in commerce, was not engaged in the production of goods for commerce, and was not part of any enterprise engaged in commerce or in the production of goods for commerce. *See id.*; *see also* 29 U.S.C.A § 203(b) (West 1998) ("'Commerce' means trade, commerce, transportation, transmission, or communication among

---

[2]Section 216(b) of the FLSA gives state courts jurisdiction to hear cases involving suits for overtime pay. 29 U.S.C.A. § 216(b) (West 1998).

the several States or between any State and any place outside thereof."). Paul's Donut & Sub Shop also asserted in its motion that it was entitled to summary judgment because there was no evidence that it was subject to 29 U.S.C.A. § 207.

The trial court granted Paul's Donut & Sub Shop's motion without stating upon which ground or grounds it relied. This appeal followed.

**Discussion**

In one issue, Andrade argues that the trial court erred by granting Paul's Donut & Sub Shop's motion for summary judgment because her summary-judgment response and attached evidence established that Paul's Donut & Sub Shop was engaged in interstate commerce and therefore subject to the FLSA. When, as here, a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the appellee's summary-judgment proof satisfied the less stringent rule 166a(c) burden. *Id.*

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286

3

S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

To establish a claim for overtime compensation under the FLSA, Andrade was required to show "individual coverage"—that she was "engaged in commerce or in the production of goods for commerce," or "enterprise

4

coverage"—that Paul's Donut & Sub Shop was an "enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C.A. § 207(a)(1).  In her summary-judgment response, Andrade argued that only enterprise coverage applied and did not contend that any of her summary-judgment evidence raised a genuine issue of material fact supporting individual coverage under the FLSA.  Therefore, we must determine if Andrade's summary-judgment evidence raised a genuine issue of material fact supporting enterprise coverage under the FLSA.

An "enterprise engaged in commerce or in the production of goods for commerce" is an enterprise[3] (1) that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) "whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)."[4]  *Id.* § 203(s)(1)(A) (West 1998).  In her affidavit

---

[3]The parties do not dispute that Paul's Donut & Sub Shop is an enterprise. *See id.* § 203(r) (West 1998) (defining enterprise).

[4]An "enterprise engaged in commerce or in the production of goods for commerce" also includes an enterprise that

(B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of

5

filed in support of her summary-judgment response, Andrade stated, "As a cashier, I personally heard Mr. Sharaf brag about the amount of money he was making. He stated that the restaurant had revenues over one million dollars and his sales are much higher." Because this evidence does not indicate that Paul's Donut & Sub Shop's annual gross volume of sales exceeded the FLSA's $500,000 threshold for any of the three years for which she is claiming unpaid overtime, we conclude it fails to raise a genuine issue of material fact as to whether Paul's Donut & Sub Shop was an "enterprise engaged in commerce or in the production of goods for commerce." *See id.* Andrade did not present any other evidence regarding Paul's Donut & Sub Shop's annual gross volume of sales made or business done. Because Andrade failed to raise a genuine issue of material fact on an essential element of enterprise coverage under the FLSA, the trial court did not err by granting Paul's Donut & Sub Shop's no-evidence motion for summary judgment. Having determined that the trial court properly granted Paul's Donut & Sub Shop summary judgment on no-evidence grounds, we need not address whether the trial court erred by granting it summary judgment on traditional grounds. *See Ford Motor Co.*, 135 S.W.3d at 600; *see also* Tex. R. App. P. 47.1. Accordingly, we overrule Andrade's only issue.

---

whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or

(C) is an activity of a public agency.

*Id.* § 203(s)(1)(B)–(C) (West 1998). The parties agree that Paul's Donut & Sub Shop does not fall within either of these categories.

6

**Conclusion**

Having overruled Andrade's sole issue, we affirm the trial court's order granting Paul's Donut & Sub Shop's motion for summary judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED:  July 30, 2015

7