**Philip P. SUDAN, Jr., Petitioner,**

v.

**Margaret Dye SUDAN, now known as Maggie Mackenzie, Respondent.**

No. 04–0921.

Supreme Court of Texas.

June 30, 2006.

Rehearing Denied Sept. 22, 2006.

J.D. Bucky Allshouse, Houston, for petitioner.

Sheldon E. Richie, Katherine J. Walters, Jeffrey R. Cole, Richie & Gueringer, P.C., Austin, Ellen Elkins Grimes, Law Office of Ellen Elkins Grimes, Houston, for respondent.

PER CURIAM.

In this suit to enforce a settlement agreement incorporated in a divorce decree, we consider whether there is any evidence that the ex-wife was coerced into relinquishing her rights to future alimony payments. The court of appeals reversed a summary judgment in favor of the ex-husband, concluding there was some evidence that the ex-wife was under economic duress when she gave up her rights. 145 S.W.3d 280, 288. We disagree that there is evidence of economic duress here and

accordingly render judgment for the ex-husband.

Maggie Mackenzie (formerly Sudan) married Philip P. Sudan in 1978. The Sudans divorced in 1993, and Mackenzie was awarded custody of their two children. In lieu of child support, Sudan agreed to pay Mackenzie alimony until January 1, 2001, to maintain his life insurance on which she was the beneficiary, and to pay off her mortgage. Sudan agreed to pay the alimony in 20 monthly payments of $15,000 beginning May 1, 1993, followed by 12 monthly payments of $13,000, and concluding with 60 monthly payments of $12,000. This agreement was incorporated into the divorce decree.

After several years, Sudan threatened to quit paying the monthly alimony. After consulting with an accountant and with an attorney at the law firm where she worked, Mackenzie negotiated a final lump sum payment of $30,000. The parties thereafter signed an amendment to the settlement agreement, relieving Sudan of any future alimony obligation in exchange for the $30,000. Several months later, Mackenzie sued Sudan to rescind this amendment, and for breach of the settlement agreement, intentional infliction of emotional distress, fraud in the inducement, tortious interference, non-payment of child support, and attorney's fees.

The trial court granted Sudan a partial summary judgment, disposing of all claims except those relating to child support and attorneys' fees. The summary judgment became final after the trial court severed the child support and attorney's fees claims, which remain pending in the trial court. Mackenzie appealed the summary judgment. The court of appeals, in a split decision, reversed the summary judgment and remanded the case for trial, concluding that the trial court had erred in dismissing Mackenzie's claims because there was evidence of economic duress. *Id.* at 288.

■ Sudan complains that there is no evidence of economic duress here. A motion for summary judgment must be granted if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *See* TEX. R. CIV. P. 166a(i). In reviewing Sudan's motion for summary judgment, we "examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex.2005).

■ Mackenzie contends that her agreement to take $30,000 in payment of Sudan's remaining alimony obligation was the product of economic duress. But when Sudan threatened to stop paying alimony, Mackenize consulted with her accountant and an attorney, and actually proposed the amendment she now assails. We have "characterized duress as the result of threats which render persons incapable of exercising their free agency and which destroy the power to withhold consent." *Dallas County Comm. College Dist. v. Bolton*, 185 S.W.3d 868, 877 (Tex.2005) (citing *Dimmitt v. Robbins*, 74 Tex. 441, 12 S.W. 94, 96–97 (1889)). Moreover, we have said that "[t]he compulsion must be actual and imminent, and not merely feigned or imagined." *Id.* at 879; *see also Ward v. Scarborough*, 236 S.W. 434, 437 (Tex.1922) ("The restraint must be imminent and such as to destroy free agency without present means of protection."). Following Sudan's threat, Mackenzie had adequate time to consult with professionals and apparently chose to negotiate an amendment

rather than enforce the parties' existing agreement. Her summary judgment evidence simply did not raise a fact issue about whether Sudan's threat deprived her of a present means of protection or caused her imminent restraint.

Because there is no evidence here of economic duress, we reverse the judgment of the court of appeals, and without hearing oral argument, render judgment that Mackenzie take nothing. TEX. R. APP. P. 59.1.