Affirmed as Modified and Memorandum Opinion filed October 30, 2007








Affirmed
as Modified and Memorandum Opinion filed October 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00305-CV

_______________

 

LUCY TELLEZ, Appellant

 

V.

 

ALLSTATE TEXAS LLOYDS, Appellee

                                                                                                                                               


On Appeal from the 152nd District Court

Harris County, Texas

Trial Court Cause No. 04-08852

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

 

In this insurance coverage dispute,
Lucy Tellez appeals a no-evidence summary judgment entered in favor of Allstate
Texas Lloyds=s (AAllstate@) on the grounds that: (1) Tellez=s insurance policy (the Apolicy@) with Allstate covered the loss she
claimed to her home; (2) a fact issue exists as to whether Allstate breached
the policy; and (3) the trial court improperly dismissed Tellez=s extra-contractual claims.  We
affirm as modified.








Background

Tellez purchased a homeowners Form
HO-B insurance policy from Allstate.  In 2001, the roof of Tellez=s home sustained damage, Tellez
submitted a claim to Allstate, and Allstate paid for roof repairs.  In 2002,
Tellez discovered mold, water damage, and a leaking shower pan in her home.  Tellez
submitted another claim to Allstate, and Allstate made a payment on the claim,
but Tellez sued Allstate for additional amounts.  Allstate filed a no-evidence
motion for summary judgment (the Amotion@), which the trial court granted.

Standard of Review

A no‑evidence motion for
summary judgment must be granted if: (1) the moving party asserts that there is
no evidence of one or more specified elements of a claim or defense on which
the adverse party would have the burden of proof at trial; and (2) the
respondent produces no summary judgment evidence raising a genuine issue of
material fact on those elements.  See Tex. R. Civ. P. 166a(i).  To
defeat a no-evidence motion for summary judgment, a respondent is not required
to marshal its proof, but only to point out evidence that raises a fact issue
on the challenged elements.  Id., cmt (1997).

In reviewing a no‑evidence
summary judgment, we ascertain whether the nonmovant pointed out summary
judgment evidence of probative force to raise a genuine issue of fact as to the
essential elements attacked in the no‑evidence motion.  Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 206B08 (Tex. 2002).  We take as true all
evidence favorable to the nonmovant and indulge every reasonable inference, and
resolve any doubts, in the nonmovant=s favor.  Sudan v. Sudan, 199
S.W.3d 291, 292 (Tex. 2006).  Where, as here, the trial court does not specify
its grounds for granting a movant's motion for summary judgment, we may affirm
the judgment if any of the grounds advanced within the motion are meritorious. 
See W. Invs, Inc. v. Urena,162 S.W.3d 547, 550 (Tex. 2005).

                                                               Contract
Claims








On appeal, Tellez contends that she
produced evidence to raise a fact issue on each of the elements of her contractual
claims against Allstate.  Allstate counters, however, that Tellez produced no
evidence that she suffered any damages caused by Allstate=s conduct or a peril covered by the
policy, and particularly that there was no expert evidence linking any mold in
her home to a peril and loss covered by the policy.

To prevail on an insurance claim, an
insured must produce evidence that affords a reasonable basis for estimating
the amount of damage or proportionate part of the damage that was caused by the
covered risk.  Travelers Indem. Co. v. McKillip, 469 S.W.2d 160, 163
(Tex. 1971).  In this case, Tellez=s claimed damages include repairs to
her home for water damage and mold and for living expenses while repairs were
being made.  With regard to the evidence of covered water damage to her home,
Tellez=s brief states:

[I]ndependent investigators have
determined that the damage to the home is due to covered perils, including the
shower pan leakage . . . .   The estimated cost of the repairs is over $59,000.

*          *          *          *

There is
evidence that Allstate did not pay a sufficient amount for water damage to the
home.  There is evidence that Allstate did not pay sufficient amounts for
contents cleaning.

Tellez=s brief makes reference to various
possible sources of the water that caused the damage and mold, including damage
to her roof, faulty repair of her roof, a shower pan leak, an air conditioning
leak, poor circulation, and the contractor=s negligence in doing destructive
testing without repairing the holes.  However, rather than explaining how her
summary judgment evidence indicated that the water damage and mold for which
she claimed coverage were attributable to any of these causes and otherwise
covered by the policy, her brief (like her summary judgment response) merely
refers to roughly 172 pages of the clerk=s record (pages 288-332, 334-460,
462).








This does not provide a clear and
concise argument  for the contentions made with appropriate citations to the
record.  See Tex. R. App. P. 38.1.[1] 
In order for this court to sustain Tellez=s contention that her summary
judgment evidence  was sufficient to raise a fact issue on the elements of
causation and damage, we would have to analyze the lengthy portions of the
record she has cited to determine whether and how any of the factual information
contained there constitutes evidence of damage and causation, apply the
applicable law to those facts, and then explain the resulting reasoning in our
opinion.  Not only is this not our obligation, it would require us to abandon
our role of impartiality in order to provide reasoning for Tellez=s position that she has not advocated
for herself.  Under these circumstances, because Tellez=s brief affords us no basis to
conclude that the trial court would have erred in granting the no-evidence
summary judgment on the lack of damage and causation evidence, we overrule her
challenge to the summary judgment against her breach of contract claims.

Extra-Contractual Claims

Tellez=s third issue contends that her
extra-contractual issues were improperly dismissed in the trial court=s judgment, even though they had been
severed by the court before Allstate filed the motion.  Tellez argues that the
trial court cannot grant relief that is not supported by the pleadings.[2]

As relevant to this issue, Allstate
filed a motion on July 13, 2005 to sever and abate Tellez=s extra-contractual claims.  The
trial court granted the motion to sever on August 26, 2005 and assigned the
extra-contractual claims a separate cause number.  However, the March 3, 2006
order, granting Allstate=s motion for summary judgment in this case, purports to grant
judgment against the severed extra-contractual claims:

1.  Judgment is granted for Allstate
Texas Lloyd=s.  All of the plaintiff=s claims against Allstate Texas Lloyd=s for breach of contract in this case
and any related claims, including claims for breach of the duty of good faith
and fair dealing, breach of the Texas Insurance Code, including under section
21.55 and 21.21, and breach of the Texas Deceptive Trade Practices Act.








2. Tellez shall take nothing by way
of all of the claims she has asserted or could have asserted in this case
against Allstate Texas Lloyd=s . . . .

Because the judgment does not conform
to the pleading in this respect, it cannot be affirmed as to the severed
claims.  Therefore, Tellez=s third issue is sustained, the judgment of the trial court
is modified to apply only to Tellez=s contract claims, and, as so
modified, it is affirmed.

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

Judgment rendered and Memorandum
Opinion filed October 30, 2007.

Panel consists of Justices Yates,
Seymore, and Edelman.*









[1]           See, e.g., Lundstrom v. United
Servs. Auto. Ass'n‑CIC, 192 S.W.3d 78, 98 (Tex. App.CHouston [14th Dist.] 2006, pet. denied).





[2]           See Tex. R. Civ. P. 301.  Contrary
to Allstate=s contentions, this complaint was expressly made in
Tellez=s summary judgment response.





*           Senior Justice Richard H. Edelman sitting
by assignment.