Leopoldo **HERMOSILLO,** Appellant,

v.

**K. HOVNANIAN HOMES— DFW, LLC,** Appellee.

No. 05–09–00208–CV.

Court of Appeals of Texas, Dallas.

Nov. 30, 2010.

Rehearing Overruled Jan. 7, 2011.

---

Domingo Alberto Garcia, Paul Robert Hornung, Law Office of Domingo Garcia, P.C., Dallas, TX, for Appellant.

Craig P. Henderson, William L. Wolf, P.C., Dallas, TX, for Appellee.

Before Justices O'NEILL, RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

Leopoldo Hermosillo sued K. Hovnanian Homes—DFW, LLC for negligence, negligence per se, gross negligence, and malice arising out of an injury Hermosillo sustained while working on a home being constructed by K. Hovnanian. K. Hovnanian moved for a no-evidence summary judgment on elements common to each of his claims: duty, breach, and causation. The trial court granted the motion and rendered a take-nothing judgment on Hermosillo's claims. Because we conclude Hermosillo presented no evidence of causation, we affirm the trial court's judgment.

## BACKGROUND

K. Hovnanian is a homebuilder. It contracted its trim carpentry work to Mario Lopez. Lopez hired Hermosillo on the recommendation of Lopez's employee, Juan Martinez. Hermosillo was injured when he and Martinez were installing an attic access ladder in the ceiling of the garage of a home under construction. Martinez carried the attic access ladder unit and a pneumatic nail gun up a stepladder while Hermosillo remained standing on the garage floor below. Martinez laid the nail gun on the tool/paint shelf of the stepladder while he tried to insert the attic ladder into the opening. Hermosillo braced a two-by-four against the attic ladder to help hold it up. But Martinez still had difficulty holding the attic ladder up and handed it back to Hermosillo. Hermosillo took the attic ladder and was about to put it on the garage floor when Martinez started down the stepladder. As Martinez descended the stepladder, the nail gun fell off the tool shelf and discharged a nail into Hermosillo's abdomen. The evidence is conflicting about whether the nail gun landed on Hermosillo's abdomen before it discharged.

Hermosillo sued K. Hovnanian and others for negligence, negligence per se, and gross negligence contending that K. Hovnanian instructed Lopez to remove the safety from the nail gun and that, but for the removal of the safety, the nail gun would not have discharged. K. Hovnanian moved for a no-evidence summary judgment on the common elements of duty, breach, and causation. In response, Hermosillo objected to K. Hovnanian's motion arguing that it did not comply with rule 166a(i). He also attached his affidavit, excerpts from his deposition testimony, excerpts from Lopez's deposition testimony, and other evidence that he contended raised a genuine fact issue on the challenged elements of his claims. K. Hovnanian objected to portions of Hermosillo's evidence and the trial court sustained some of those objections. The trial court granted the motion and rendered a take-nothing judgment in favor of K. Hovnanian.

Hermosillo filed a motion for reconsideration/new trial. He attached new evidence in the form of an affidavit from the manufacturer of the nail gun stating that but for the removal of the safety, the nail gun would not have discharged and injured Hermosillo. The trial court denied the motion. Hermosillo appeals the grant of summary judgment and the denial of his motion for reconsideration/new trial.

## SUMMARY JUDGMENT

■ Hermosillo argues that the trial court erred by granting summary judgment in favor of K. Hovnanian. We review the trial court's grant of summary judgment de novo. *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex.2007). A no-evidence summary judgment motion must be granted if the moving party asserts that there is no evidence of one or more specified elements of a claim on which the nonmovant has the burden of proof at trial and the nonmovant produces no summary judgment evidence that raises a genuine issue of material fact on those elements. TEX.R. CIV. P. 166a(i) & cmt.; *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006) (per curiam). In our review, we examine the record in the light most favorable to the nonmovant and indulge every reasonable inference and resolve any doubts against the movant. *Sudan*, 199 S.W.3d at 292; *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex.2005). If the nonmovant presents evidence that would enable reasonable and fair-minded jurors to differ in their conclusions, the motion must be denied. *Hamilton v. Wil-*

*son,* 249 S.W.3d 425, 426 (Tex.2008) (per curiam).

■ Hermosillo initially argues that the trial court erred by overruling his objection to the motion. He argues that the motion was deficient because it challenged the factual allegations in the petition and not the elements of the causes of action. *See* TEX.R. CIV. P. 166a(i) (stating party may move for summary judgment on ground there is no evidence of one or more essential elements of claim). We disagree. The motion set out the elements of his claimed causes of action and stated that there was no evidence as to each element. It satisfied the requirements of a no-evidence motion. Consequently, the trial court did not err by overruling Hermosillo's objection to the motion.

Hermosillo next argues that the trial court erred by sustaining K. Hovnanian's objections to his summary judgment evidence. We do not need to decide these evidentiary issues, however, because we conclude below that even if the objections had been overruled, Hermosillo presented no evidence on the element of causation.

■ Hermosillo contends that his summary judgment evidence raised a fact issue about whether Hermosillo worked for K. Hovnanian, not Lopez, and whether K. Hovnanian instructed Lopez to remove the safety from the nail gun. K. Hovnanian contends that even if Hermosillo raised a fact issue on the elements of duty and breach, he did not present any evidence that the injury would not have occurred but for the removal of the safety. We agree with K. Hovnanian.

Hermosillo's summary judgment evidence did not address one of the elements of each of his claims—causation. Lopez testified that he removed the safety from the nail gun for several reasons that are not relevant here. He said a person need only depress the trigger to discharge a nail when the safety was removed. Hermosillo testified in his affidavit that "the nail gun fell onto my body and discharged a nail into my abdomen." Although he testified in his deposition that he never touched the nail gun as it was falling, even if it did hit his body, the testimony shows that no one touched the trigger:

A. Yes. He hands me the ladder. I take it when suddenly—when Juan takes a step or two down and I just saw that the nail—that the [nail] gun came down, pow.

. . .

A. All that I know and I repeat and I'll repeat again that the [nail] gun was coming down and it popped on my stomach. I put the ladder down. I saw my shirt. I raised it and there was a drop of blood. I told Juan, "Hey, guy, the nail got me."

. . .

Q. Okay. So but you—when it was falling down did you ever touch the gun?

A. No.

Q. Did [Martinez] try to grab the gun?

A. No.

Q. So no one's hands was [sic] on the gun?

A. No.

. . .

Q. Okay. Did—the nail gun did not land on the ground then fire, did it?

A. No.

Q. Okay. Juan Martinez did not shoot you with the nail gun with his hand on it, did he?

A. No.

Q. And you did not shoot yourself with the nail gun.

A. No.

Q. Okay. I just want to make—your hand—at this particular incident, your hand never touched the nail gun.

A. Never, never touched the gun.

. . .

Q. Okay. When—and again, I'm not going to ask you to stand by the ladder or the nail gun, but how close was the nail gun to you when you heard the pop?

A. Right here.

Q. So it—did you actually feel the nail gun hit you?

A. I don't know if it was the gun or the air.

Q. Okay. But it was—it was fairly—was it close to you when you—when you heard the pop?

A. Very close.

Q. Okay. Within two inches or less or—

A. It came down like this.

The summary judgment evidence shows that no one depressed the trigger of the nail gun as it was falling. And there was no summary judgment evidence raising an issue that the removal of the safety caused the nail gun to discharge without depressing the trigger. Hermosillo argues that Lopez's testimony that he has dropped nail guns in the past and that sometimes they discharged and sometimes they did not is sufficient to raise a fact issue about whether a nail gun can discharge without the trigger being depressed. But Lopez's testimony was that the trigger had to be depressed for the nail gun to discharge, regardless of whether the safety was engaged. The nail gun in this case discharged before it hit the floor without anyone depressing the trigger. Additionally, counsel for Hermosillo stated in oral argument that the only evidence of causation in the record is the new evidence he attached to his motion for reconsideration. Consequently, we conclude the trial court did not err by granting the motion for summary judgment.

## MOTION FOR RECONSIDERATION/NEW TRIAL

■ Hermosillo also argues that the trial court erred by denying his motion for reconsideration/new trial. We review a trial court's denial of a motion for reconsideration/new trial for an abuse of discretion. *MRT, Inc. v. Vounckx*, 299 S.W.3d 500, 511 (Tex.App.-Dallas 2009, no pet.). In addition to asking the trial court to reconsider its rulings, Hermosillo attached new evidence to his motion and argued that this new evidence raised a fact issue on the element of causation.

■ We previously concluded that Hermosillo's evidence did not raise a fact issue on the element of causation and, as a result, we further conclude the trial court did not err by denying the motion for reconsideration on this basis. Because the motion for reconsideration/new trial also attached new evidence, we construe it as a motion for new trial based on newly discovered evidence. To prevail, Hermosillo had to show that he became aware of the evidence after the trial, he could not have discovered the evidence earlier in the exercise of due diligence, the evidence is not cumulative, and the evidence is so material that it would probably produce a different result if a new trial was granted. *Id.* at 511. The motion did not address these factors and, consequently, the trial court did not abuse its discretion by denying the motion.

Additionally, the new evidence did not raise a genuine fact issue about a challenged element. The new evidence was an affidavit from the manufacturer of the nail gun which stated that because the safety was removed from the nail gun, "all that was required was for the user of the tool

to depress the trigger in order to discharge a nail." But Hermosillo testified that no one touched the nail gun when it discharged the nail. Hermosillo did not present evidence that the removal of the safety caused the nail gun to discharge without anyone depressing the trigger. Consequently, the affidavit does not present material evidence that would probably produce a different result if a new trial was granted. *Id.*

## CONCLUSION

We resolve appellant's two issues against him. We affirm the trial court's judgment.