**Affirmed and Memorandum Opinion filed April 11, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00169-CV

### LAMBERT ADUMEKWE, Appellant

### V.

### NEW HAMPHIRE INSURANCE COMPANY, Appellee

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-81456**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final take-nothing summary judgment in appellant's suit seeking judicial review of an administrative workers' compensation decision. We affirm.

Appellant alleges that he sustained a broken tooth and broken jaw bone in the course and scope of his employment on February 15, 2009. Appellee was the workers' compensation carrier for appellant's employer, Geo, Group, Inc., a

private prison contractor. Appellant worked as a guard at one of Geo Group's facilities, and he was injured when an inmate punched him in the face. It was undisputed that appellant's facial swelling after the incident was a compensable injury, but the extent of the injury was disputed. Appellant's claim proceeded through the administrative process to a benefit review conference on July 1, 2010. The claim was not resolved, and a contested case hearing was held on August 26, 2010. At the hearing, appellant produced no medical evidence. The hearing officer ruled that appellant's injury did not extend to or include a broken tooth or a broken jaw bone.

Appellant sought judicial review of the administrative decision in this suit filed December 15, 2010. *See* Tex. Lab. Code § 410.252(a). After suit had been on file almost a year, on November 30, 2011, appellee filed a no-evidence summary judgment motion asserting that no medical evidence supported appellant's claim of a broken tooth or broken jaw bone or that these injuries were an extension of appellant's compensable injury. Appellee also alleged that no evidence supported appellant's general allegation of discrimination and retaliation. In the motion, appellee asserted that an adequate time for discovery had passed.

Appellant did not file any evidence in response to appellee's motion. He did not request additional time for discovery. The trial court signed a final summary judgment, and the court subsequently denied appellant's motion for new trial. This appeal followed.

Appellant, who is appearing *pro se,* filed a brief that failed to substantially comply with the Texas Rules of Appellate Procedure. Accordingly, this court struck the brief and ordered appellant to file an amended brief. Appellant's amended brief also fails to comply with the briefing rules. Appellant's brief fails to clearly identify the issues for review and provide legal authorities supporting the

relief requested. *See* Tex. R. App. P. 38.1(f), (i).

We are to construe appellate briefs reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *See Weeks Marine, Inc. v. Garza,* 371 S.W.3d 157, 162 (Tex. 2012). We attempt to reach the merits of an appeal whenever reasonably possible. *See Perry v. Cohen,* 272 S.W.3d 585, 587 (Tex. 2008).

A reasonable, yet liberal, review of appellant's *pro se* brief reveals only appellant's general contention that his work-related injuries included a broken tooth and jaw bone and that the workers' compensation hearing was improperly decided. The trial court granted appellee's motion for summary judgment and ordered that appellant take nothing. Therefore, we will consider the propriety of the trial court's judgment.

We review a trial court's grant of summary judgment *de novo. Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, as in this case, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

Judicial review of a final administrative workers' compensation decision is limited to the issues that were administratively determined. *See* Tex. Lab. Code §

410.302(b). Evidence shall be adduced as in other civil trials. *See id.* § 410.306(a). Appellant had the burden of proof. *See id.* § 410.303.

Rule 166a(i) provides that the trial court must grant a no-evidence motion for summary judgment unless the respondent produces summary judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i). Appellant filed only a hand-written response to the motion. It is well-settled that a party may not rely on his own pleadings as summary judgment evidence. *See Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex. 1971); *Quanaim v. Frasco Rest. & Catering,* 17 S.W.3d 30, 42 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Appellant provided no medical or other evidence to support his claims. He offered no evidence that he sustained an injury to his tooth or jaw, or that any such injury resulted from the work-related incident at issue. He offered nothing to show that he suffered a disability as a result of the compensable injury sustained February 15, 2009.

We cannot say that the trial court erred in granting appellee's motion for no-evidence summary judgment. Accordingly, we order the judgment affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.