

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00509-CV

Gloria **OCHOA**,
Appellant

v.

**NAIL FLOWER BEAUTY SALON**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-12691
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 16, 2015

AFFIRMED

Gloria E. Ochoa filed suit against Nail Flower Beauty Salon, alleging the salon's negligence caused Ochoa to suffer personal injuries. Nine months after the lawsuit was filed, Nail Flower filed a no-evidence motion for summary judgment, asserting Ochoa could produce no evidence that Nail Flower breached any duty owed to Ochoa or that any breach by Nail Flower caused or contributed to Ochoa's injuries. Ochoa did not file a response to the motion for summary judgment, and the trial court rendered a take-nothing judgment against her. Ochoa timely filed a notice of appeal.

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In a no-evidence motion for summary judgment under Texas Rule of Civil Procedure 166a(i), the movant challenges the evidentiary support for a specific element of a claim or defense after an adequate time for discovery. TEX. R. CIV. P. 166a(i) cmt. (1997). If the motion is sufficiently specific, the burden shifts to the non-movant to produce summary judgment evidence that raises a genuine issue of material fact on the challenged elements. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

Ochoa initially asserts the judgment is contrary to law and there was insufficient evidence to support it. However, "[a] motion for summary judgment must be granted if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). Nail Flower's motion for summary judgment complied with Rule 166a(i); it was not required to present any evidence. Because Ochoa failed to file a response to the motion, the trial court was required to grant the motion. *Id.*

Ochoa next contends the trial court erred in failing to consider her reasons for failing to file a response to the motion for summary judgment — that she is not represented by counsel and that as a result of the injuries she suffered from appellee's negligence, she "was not able to physically, mentally, emotionally, respond in a timely manner." Ochoa did not file a motion for continuance or a motion for leave to file a late response in the trial court. *See* TEX. R. CIV. P. 166a(g); *Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (holding that party contending he needs additional time to respond to motion for summary judgment must file either affidavit explaining need for further discovery or verified motion for continuance). Accordingly, the trial

court did not err in considering and ruling on the motion for summary judgment on the date the motion had been set and noticed for hearing.

Having reviewed the record and the briefs, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice