

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00293-CV

DON CORLEY, JR.                                          APPELLANT

V.

GAYLAN HENDRICKS AND DAN                                 APPELLEES
HENDRICKS

----------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 141-286695-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant Don Corley Jr.[2] appeals from the trial court's granting of a no-

evidence motion for summary judgment in favor of Appellees Dan Hendricks and

---

[1]*See* Tex. R. App. P. 47.4.

[2]On December 5, 2016, counsel for Corley filed in this court a notice of Corley's death.  Counsel stated their intention to continue the appeal under Texas Rule of Appellate Procedure 7.1.

Gaylan Hendricks on his cause of action for theft under the Texas Theft Liability Act (the TTLA). He argues in one issue that the trial court erred by granting no-evidence summary judgment for the Hendrickses, denying his motion for reconsideration, and awarding attorney's fees to the Hendrickses under the TTLA. Because we hold that the trial court erred by granting summary judgment and abused its discretion by denying the motion for reconsideration, we reverse and remand.

## I. Background

Corley and Dan began operating an insurance brokerage company called Senior Security Benefits, Inc. (SSBI) in 2003.[3] They later gave shares to Dan's wife Gaylan, splitting SSBI's ownership among the three. For several years, they ran the business together as directors and officers.

In 2014, Gaylan, acting as SSBI's CEO, informed Corley that SSBI was terminating his employment and that he would no longer receive the profit distributions from SSBI. The Hendrickses also removed Corley as an officer and director of SSBI and denied him access to SSBI's books and records.

Corley then filed this lawsuit against the Hendrickses. By amended petition, he asserted claims for breach of fiduciary duty, theft under the TTLA, fraud, and civil conspiracy, as well as a shareholder's derivative action under

_____

[3]In his petition, Corley alleged that SSBI was founded in 2000 but did not begin operating until 2003.

2

Texas Business Organizations Code section 21.563. Tex. Bus. Orgs. Code Ann. § 21.563 (West 2012).

During the course of the lawsuit, Corley hired an expert to conduct a forensic audit of SSBI's Quicken accounting records, which Gaylan initially refused to provide to Corley, producing them only after the intervention of Corley's attorney. The expert discovered that Gaylan had moved $2.4 million from SSBI's retained earnings account to Gaylan's personal account. The entry was made on February 12, 2014 but backdated to appear on SSBI's books on December 24, 2013, which was before Corley's termination.

The expert also discovered that on the same day as the $2.4 million transfer, other entries were made in the records that recharacterized commission distributions made to Gaylan from sales of insurance products to an SSBI customer, Countrywide Healthcare Solutions, Inc. (Countrywide), as repayments on a personal loan from Gaylan to SSBI. The sales to Countrywide had been made by SSBI employees, the commissions were paid to SSBI, and no documentation showed an agreement that Gaylan would receive the commissions individually for such sales. The Hendrickses, however, contended that the $2.4 million was Gaylan's property because it arose from a separate arrangement she had made with Countrywide.

In pretrial discovery, Corley also learned the Hendrickses had used corporate funds to pay for family vacations. He further discovered that Gaylan had appropriated commissions under a "letter of understanding" with another

3

SSBI customer, Central United Life Insurance Company (CUL). Gaylan, as a representative of SSBI, signed an agreement with CUL under which SSBI would earn commissions on sales by SSBI staff on CUL insurance products plus a two percent override on "all new premium[s] written on CUL's Affordable Choice insurance product." Gaylan had the override commissions paid under that agreement deposited into her personal bank account, having given CUL a direct deposit form for that account to use to deposit the commissions.

The Hendrickses filed a motion for no-evidence summary judgment on Corley's theft claim under the TTLA, asserting that there was no evidence that they acted without the consent of SSBI regarding the Countrywide and CUL transactions or the use of SSBI funds to pay for family vacations. They argued that because Gaylan and Dan were officers and directors of SSBI at the time of Gaylan's actions, her actions had the effective consent of SSBI. In his summary judgment response, Corley attached:

- His own affidavit, in which he stated that he was a member of SSBI's board at the time of the complained-of transactions and that he had no knowledge of the transactions;

- The letter of understanding between SSBI and CUL stating the commissions SSBI would receive;

- The direct deposit form Gaylan used to have the CUL commissions paid into her account; and

- A copy of the audit trail from Corley's forensic accountant showing Gaylan's movement of earnings from the Countrywide commissions into her personal account.

4

After holding a hearing on the motion, the trial court granted summary judgment for the Hendrickses on Corley's theft claim. The court subsequently signed an order granting attorney's fees and costs to the Hendrickses under the TTLA and incorporating its prior order granting summary judgment. Corley filed a motion for reconsideration, which the court denied. The trial court severed the theft claim, making its order granting summary judgment and attorney's fees a final judgment. Corley appeals from that judgment.

## II. Analysis

In Corley's sole issue, he asks whether the trial court erred by granting summary judgment on his theft claim under the TTLA, denying his motion to reconsider, and awarding the Hendrickses attorney's fees and costs under the TTLA. The disposition of his issue turns on whether the Hendrickses could consent to the self-dealing transactions that form the basis of Corley's theft claim.

### A. Standard of Review

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard

5

evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

"After a court grants a summary judgment motion, the court generally has no obligation to consider further motions on the issues adjudicated by the summary judgment." *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citation and quotation marks omitted). "The standard of review for a motion to reconsider a prior summary judgment is whether the trial court abused its discretion." *Id.* "A trial court has no 'discretion' in determining what the law is." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

## B.     Theft Claims Under the TTLA

A person who commits theft under the TTLA is liable for damages resulting from the theft. Tex. Civ. Prac. & Rem. Code Ann. § 134.003 (West 2011). The definition of "theft" under the TTLA includes the appropriation of property, without the owner's effective consent, with intent to deprive the owner of property. Tex. Civ. Prac. & Rem. Code Ann. § 134.002 (West Supp. 2016); Tex. Penal Code Ann. § 31.03(a), (b) (West Supp. 2016). "Effective consent" includes consent by

6

a person legally authorized to act for the owner. Tex. Penal Code Ann. § 31.01(3) (West Supp. 2016).

## C. The Hendrickses Could Not Consent to Theft from SSBI

The sole summary judgment ground raised by the Hendrickses in their no-evidence motion was that Corley had no evidence that their appropriation of SSBI funds was without SSBI's effective consent. They maintained that it was undisputed that as controlling directors and shareholders, they were legally authorized to act for SSBI and to consent to the complained-of transactions, and Corley had no evidence that SSBI had not consented to the transactions through the Hendrickses.

As Corley argued in the trial court and on appeal, the Hendrickses were not legally authorized to consent to their own theft. Interested directors and shareholders cannot give effective consent to breaching their fiduciary duty to the company by stealing from the company at the expense of other directors and shareholders. *See* Tex. Bus. Orgs. Code Ann. § 21.418(b) (West 2012) (setting out the circumstances under which a corporation may approve of an otherwise valid transaction in which a director of the corporation is interested); *cf. In re Mandel*, 578 Fed. Appx. 376, 384 (5th Cir. 2014) (not designated for publication) (holding that a director and shareholder of a company could not give effective consent to steal the company's trade secrets); *In re Sherali*, 490 B.R. 104, 120 (Bankr. N.D. Tex. 2013) (finding that sole officer, director, and shareholder

7

committed theft under the TTLA when he appropriated net cash sales belonging to the corporation).

In Corley's affidavit attached to his summary judgment response, he stated that he did not know and was not told about the transactions in which the Hendrickses allegedly stole funds from SSBI.[4] Corley could not consent to transactions he knew nothing about. Corley thus presented the trial court with more than a scintilla of summary judgment evidence that he—the only disinterested director and shareholder—had not consented to the transactions. *See* Tex. Bus. Orgs. Code Ann. § 21.418(b)(1) (providing that a transaction involving an interested director is valid if the material facts as to the director's interest in the transaction are disclosed and the transaction is approved by the majority of disinterested directors or by a good faith vote by the shareholders).

The Hendrickses' only summary judgment ground relied on their ability to consent to the transactions, which, as a matter of law, they could not do. Because the Hendrickses could not consent to their own theft, and because Corley produced evidence that he did not consent to the transactions, Corley produced evidence raising a fact issue about whether SSBI had consented to the transactions. *See* Tex. R. Civ. P. 166a(i).

---

[4]Corley further averred that the thefts caused a loss to SSBI of more than $2 million of its retained earnings. *See* Tex. Bus. Orgs. Code Ann. § 21.418(b)(2) (providing that a transaction involving an interested director is valid if it is fair to the corporation at the time the transaction is approved by the directors or shareholders).

Further, in Corley's motion for reconsideration, he directed the trial court to section 21.418(b) of the Texas Business Organizations Code that provides the circumstances under which transactions involving interested directors of a corporation may be approved and are valid, and he argued that a fiduciary, such as Gaylan, engaging in self-dealing is acting in an unauthorized capacity. Because the Hendrickses could not give "effective consent" to the alleged theft for purposes of the TTLA claim, and because the only evidence before the trial court regarding consent by a disinterested director and shareholder was that no such consent was given, the trial court abused its discretion in denying Corley's motion for reconsideration. *See Walker*, 827 S.W.2d at 840.

Because we have held that the trial court's summary judgment cannot be sustained, the award of attorney's fees to the Hendrickses under the TTLA must also be reversed. We sustain Corley's sole issue.

## III. Conclusion

Having sustained Corley's sole issue on appeal, we reverse the trial court's summary judgment and remand this case to the trial court for further proceedings.

9

                                          /s/ Mark T. Pittman
                                          MARK T. PITTMAN
                                          JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and PITTMAN, JJ.

DELIVERED:  April 27, 2017