

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00457-CV

Juanita **VALADEZ** and Melissa Miller,
Appellants

v.

**STOCKDALE TX SNF MANAGEMENT, LLC**
d/b/a Stockdale Residence and Rehabilitation Center
and d/b/a Stockdale TX SNF Realty, LLC,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 16-02-0102-CVW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed:  April 4, 2018

REVERSED AND REMANDED

Juanita Valadez and Melissa Miller sued Stockdale TX SNF Management, LLC d/b/a Stockdale Residence and Rehabilitation Center and d/b/a Stockdale TX SNF Realty, LLC, a nursing home facility, for retaliatory discharge. Valadez and Miller appeal a summary judgment granted in favor of Stockdale asserting the summary judgment evidence raised genuine issues of material fact precluding summary judgment. We reverse the trial court's judgment and remand the cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Valadez and Miller were terminated by Stockdale after another employee reported they were verbally abusive to Roberta,[1] a resident of the nursing home. Valadez and Miller sued Stockdale for retaliatory discharge alleging they were terminated for reporting Roberta was a danger to other residents and needed to be moved from the nursing home. The termination occurred approximately one week after Miller had Roberta removed from the nursing home on an emergency detention order. Miller sought the emergency detention order after Roberta threatened to stab another resident with a butter knife.

Stockdale filed a motion for a traditional and no-evidence summary judgment which the trial court granted. Valadez and Miller appeal.

## STANDARD OF REVIEW

We review a trial court's order granting summary judgment de novo. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see also Hansen*, 525 S.W.3d at 681. "A [no evidence] motion for summary judgment must be granted if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent [fails to produce more than a scintilla of] summary judgment evidence raising a genuine issue of material fact on those elements." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)

---

[1] Valadez and Miller use the pseudonym Roberta in referring to the resident. We will use this same pseudonym.

("More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.") (internal quotation omitted).

Whether reviewing a traditional or no-evidence summary judgment, we consider all the evidence in the light most favorable to the nonmovant and resolve any doubts in the nonmovant's favor. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004). "[W]hen the motion asserts both no-evidence and traditional grounds, we first review the no-evidence grounds." *Hansen*, 525 S.W.3d at 680.

## DISCUSSION

Valadez and Miller sued Stockdale for retaliatory discharge under section 260A.014(b) of the Texas Health and Safety Code. In order to establish a claim under section 260A.014(b), Valadez and Miller were required to prove: (1) they were employees of a facility; (2) they reported a violation of the law or initiated or cooperated in an investigation at the facility by a governmental entity relating to the care, services, or conditions at the facility; (3) the report was made to the employee's supervisor, an administrator of the facility, a state regulatory agency, or a law enforcement agency; (4) the report was made in good faith; and (5) they were suspended, terminated, disciplined or otherwise discriminated against for reporting the violation or for initiating or cooperating in the investigation. *See Loyds of Dall. Enters., LLC v. Jennings*, No. 05-15-00670-CV, 2016 WL 718573, at *2 (Tex. App.—Dallas Feb. 23, 2016, no pet.) (mem. op.); TEX. HEALTH & SAFETY CODE ANN. § 260A.014(b) (West 2017).[2]

---

[2] Section 260A.014(b) provides:

> An employee has a cause of action against a facility, or the owner or another employee of the facility, that suspends or terminates the employment of the person or otherwise disciplines or discriminates against the employee for reporting to the employee's supervisor, an administrator of the facility, a state regulatory agency, or a law enforcement agency a violation of law, including a violation of Chapter 242 or 247 or a rule adopted under Chapter 242 or 247, or for initiating or cooperating in any investigation or proceeding of a governmental entity relating to care, services, or conditions at the facility.

TEX. HEALTH & SAFETY CODE ANN. § 260A.014(b).

The only element of Valadez's and Miller's claim Stockdale challenged in its summary judgment motion was whether Valadez and Miller reported a violation of the law or initiated or cooperated in an investigation or proceeding of a governmental entity relating to the care, services, or conditions at the facility.[3] In their brief, Valadez and Miller assert they reported a violation of section 242.501 of the Texas Health and Safety Code by reporting Roberta was a danger to other residents. For purposes of Section 260A.014(b), a violation of the law includes a violation of Chapter 242 or a rule adopted under Chapter 242. TEX. HEALTH & SAFETY CODE ANN. § 260A.014(b). Section 242.501 of the Code requires the executive commissioner of the Health and Human Services Commission to adopt a statement of a nursing home resident's rights which must, at a minimum, address the resident's right to be free from abuse and to be safe. TEX. HEALTH & SAFETY CODE ANN. § 242.501(a)(1)-(2); *see also* 40 TEX. ADMIN. CODE § 19.601(b) ("The resident has the right to be free from verbal, sexual, physical and mental abuse."); *Capps v. Nexion Health at Southwood, Inc.*, 349 S.W.3d 849, 862 (Tex. App.—Tyler 2011, no pet.) (citing violation of 40 TEX. ADMIN. CODE § 19.601(b) as a violation of the law supporting a retaliatory discharge claim). Reporting that a nursing home resident is a danger to other residents is considered a report of a violation of Chapter 242 and the rules adopted thereunder because each resident has the right to be free from verbal, physical, or mental abuse by another resident. *See* TEX. HEALTH & SAFETY CODE ANN. § 242.501(a)(1)-(2); 40 TEX. ADMIN. CODE § 19.601(b). Therefore, we next consider whether Valadez and Miller produced more than a scintilla of evidence showing they reported Roberta was a danger to other residents.

---

[3] In their brief, Valadez and Miller address other elements of their claim; however, a summary judgment can only be granted on the grounds presented in the motion. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) ("A motion must stand or fall on the grounds expressly presented in the motion.").

In response to Stockdale's motion, Valadez and Miller produced excerpts from their depositions as summary judgment evidence. In their depositions, Valadez and Miller testified they attended daily department head meetings at which their supervisors, VaQuida Magee and Joe Camacho, were present. During these meetings, Valadez testified she suggested that Roberta be transferred for the safety of the residents on a daily basis. Valadez testified that she also expressed concern when Magee informed her that Roberta was returning to the facility after she was removed pursuant to the emergency detention order and again told Magee that Roberta was a threat to the other residents. On the day Roberta threatened another resident with the butter knife,[4] Miller testified she reported the incident to Magee who called the police.[5] In her deposition, Magee admitted Roberta threw things which presented a danger to the other residents. Magee also testified Miller's "mantra" at almost every department head meeting was that Roberta needed to be moved from the facility. Finally, Valadez and Miller produced affidavits from several other employees who were in attendance at the department head meetings. Those employees stated Roberta's potential danger to the other residents and the need to move her from the facility were discussed at the meetings.[6] Although Camacho testified he did not recall Valadez and Miller

---

[4] The summary judgment evidence included a progress behavior note from Stockdale's records in which a licensed vocational nurse reported on the day of the butter knife incident, "Patient consistently acting out throughout the rest of the day. Patient yelling that someone has stole [sic] her tacos and soda. Throwing cups of ice cream at nurse, yelling down the halls, and threatening to stab someone with a knife. HR supervisor was able to get a butter knife away from resident."

[5] The summary judgment evidence included the offense narrative prepared by the deputy who responded to the call. In the narrative, the deputy stated he was dispatched to the nursing home "for a 62 year old female patient swinging around a butter knife." The narrative further stated the deputy "contacted mental health Antonio Mills to come and speak with [Roberta]." The narrative noted Roberta had been given medication to calm down before the deputy arrived, and Mills "spoke with [Roberta] and was able to calm her down even more;" however, Mills "was unable to find a hospital that would accept [Roberta] due to her poor health conditions." Finally, the narrative noted the same deputy returned to Stockdale the following day to transport Roberta to a hospital pursuant to the emergency detention order.

[6] One employee stated Valadez and Miller "were the ones saying [Roberta] needed to go." That same employee further stated Roberta "was much worse than any other resident. She threatened the residents, too. She would take their stuff and pick at them. Some residents could not protect themselves. [Roberta] was a dangerous person to the other residents." The former medical director of Stockdale stated Roberta's "verbal outbursts punctuated by crude expletives could be heard in the next block and the neighbors complained. I was afraid she might cause physical harm to the other residents."

reporting that Roberta was a danger to other residents, the summary judgment evidence produced by Valadez and Miller was sufficient to raise a genuine issue of material fact with regard to whether they reported a violation of Chapter 242 and the rules adopted under Chapter 242. Accordingly, the trial court erred in granting Stockdale's no-evidence motion for summary judgment. Similarly, the summary judgment evidence produced by Valadez and Miller was sufficient to defeat Stockdale's traditional summary judgment because Stockdale failed to establish as a matter of law that Valadez and Miller did not report a violation of the law.

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Luz Elena D. Chapa, Justice