

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00352-CV

_____

CHICO AUTO PARTS & SERVICE, INC., Appellant

V.

MARY MAXEY, Appellee

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-269821-13

Before Gabriel, Kerr, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. INTRODUCTION

On appeal, Appellant Chico Auto Parts & Service, Inc. challenges the trial court's order granting Appellee Mary Maxey's amended no-evidence motion for summary judgment, the trial court's failure to sustain Chico's objections to Mary's summary-judgment evidence, and the trial court's denial of Chico's motion to appoint an attorney ad litem for Mary. We affirm.

## II. BACKGROUND

Chico is in the business of providing hazardous waste remediation services. Mary Maxey has an interest in an oil well (Maxey I Well) that is operated by Black Strata, LLC. Black Strata's principal was Craig Crockett.

Chico alleges that in 2011, the Texas Railroad Commission ordered remediation of the Maxey I Well. Chico further alleges that it performed $63,415.55 worth of remediation services on Maxey I Well "on behalf of" Mary but that it was not paid. In 2013, Chico filed the instant suit against Crockett, Black Strata, and Mary, alleging claims against Mary for breach of contract, quantum meruit, and breach of fiduciary duty. Crockett filed a motion for summary judgment, which was granted, severed, appealed, and affirmed. *See Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560 (Tex. App.—El Paso 2017, pet. denied). Black Strata confessed judgment for $43,415.55. *Id.* at 566.

Mary filed a no-evidence motion for summary judgment. Chico filed a response and a motion for an appointment of an attorney ad litem for Mary. Mary then filed an amended no-evidence motion for summary judgment, specifically identifying each element of each claim and contending that Chico had no evidence of them. Chico responded and attached hundreds of pages of exhibits. However, the response did not address each specific element challenged by Mary and only generally referenced the exhibits. Conspicuously absent from the summary judgment record is any written contract, invoice, document, or affidavit establishing that Chico had a contract with Mary to perform remediation services, that Chico actually performed remediation services, an amount that Chico was owed for performing remediation services, or that Mary had any legal obligation to pay Chico for any remediation services.

After a hearing, the trial court granted Mary's no-evidence summary judgment motion. Chico raises three issues on appeal.

### III. NO-EVIDENCE SUMMARY JUDGMENT WAS PROPER

In its first issue, Chico asserts that the trial court erred by granting the no-evidence summary judgment because issues of material fact exist on Chico's causes of action. We disagree.

Mary's no-evidence motion for summary judgment properly challenged that Chico had no evidence to support any of the elements of its breach-of-contract claim,

3

quantum-meruit claim, or breach-of-fiduciary-duty claim.[1]  Chico's response to Mary's no-evidence motion for summary judgment failed to address each specific element challenged or set forth more than a scintilla of evidence on the challenged elements of each of its claims against Mary.  Therefore, summary judgment was proper.

## A. Standard of review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the elements for which no evidence exists.  *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).  The trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue.  *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.  *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).  We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions.

---

[1]On appeal, Chico appears to contend that it also brought a fraud claim against Mary and that summary judgment should not have been granted on that claim.  If that is Chico's contention, it is not supported by the pleadings because the fraud claim was alleged against Black Strata and Crockett.

*Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

Rule 166a(i) does not authorize general no-evidence challenges or conclusory motions. *Timpte Indus.*, 286 S.W.3d at 310 (citing Tex. R. Civ. P. 166a(i) & 1997 cmt.). Rather, the rule requires the moving party to specifically challenge the opponent's evidentiary support for an element of a claim or defense. *Id.*; *see Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017) (explaining that the supreme court strictly enforces the requirement that a no-evidence motion specifically state the element or elements for which there is no evidence). But neither "[r]ule 166a(i) nor its comment forbid [challenging every element of a claim], as long as each element is distinctly and explicitly challenged." *Martin v. McDonnold*, 247 S.W.3d 224, 233 (Tex. App.—El Paso 2006, no pet.).

5

### B. No-evidence summary judgment was proper on the breach-of-contract claim.

In her amended no-evidence motion for summary judgment, Mary identified and listed the elements of a breach-of-contract claim and then specifically alleged that Chico had no evidence to support any of the elements of its breach-of-contract claim:

> Plaintiff has no evidence of any of the following: that Plaintiff is a proper party to bring suit for breach of contract, that Plaintiff performed contractual obligations under a contract with Movant, that Movant breached a contract, or that Movant's alleged breach caused Plaintiff injury.

Thus, Mary distinctly and explicitly challenged each element of Chico's breach-of-contract claim. *See id.* To maintain its breach-of-contract claim, Chico was required to set forth more than a scintilla of evidence on each of the following elements: "(1) the existence of a valid contract; (2) performance or tendered performance by [Chico]; (3) breach of the contract by [Mary]; and (4) damages to [Chico] resulting from that breach." *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 837 (Tex. App.—Dallas 2014, no pet.).

Chico's summary judgment briefing—like its appellate briefing—fails to specifically direct the court to evidence in the record of a valid contract, performance by Chico, breach by Mary, or damages to Chico. Our review of the record reveals no written contract, invoice, document, or affidavit to show that Chico had a contract with Mary to perform remediation services, that Chico actually performed

remediation services, an amount that Chico was owed for performing remediation services, or that Mary failed to pay Chico for any remediation services.

Therefore, we hold that the trial court did not err in granting Mary's no-evidence motion for summary judgment on Chico's breach-of-contract claim.

## C. No-evidence summary judgment was proper on the quantum meruit claim.

Mary's amended no-evidence motion for summary judgment also challenged Chico to set forth evidence on each element of its quantum meruit claim:

> Plaintiff has failed to produce any evidence as to how services or materials allegedly provided by Plaintiff were provided for Movant. Namely, Plaintiff has failed to produce any documents or testimony evidencing Movant's ownership of the surface estate upon which Plaintiff's work was allegedly performed. Further, Plaintiff has failed to produce any evidence that Movant accepted the services or materials allegedly provided by Plaintiff. Lastly, Plaintiff has failed to produce any evidence of how Movant would have had reasonable notice that Plaintiff would have expected compensation for services or materials that were not provided to Movant at all.

That is, Mary distinctly and explicitly challenged each element of Chico's quantum meruit claim. *See Martin*, 247 S.W.3d at 233. To survive a no-evidence motion for summary judgment on its quantum meruit claim, Chico was required to set forth more than a scintilla of evidence (1) that it rendered valuable services; (2) for Mary; (3) that those services were accepted by Mary, and were used and enjoyed by her; and (4) Mary was reasonably notified that Chico was expecting to be paid by Mary for performing such services. *See Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732–33 (Tex. 2018).

7

Here, Chico set forth no evidence of the first, second, third, or fourth elements of its quantum meruit claim. No exhibits attached to its summary judgment response nor any specific record citations in its appellate briefing demonstrate that Chico provided any remediation services, that said remediation services were provided for Mary, that Mary accepted those services, or that Mary was reasonably notified that Chico would be performing such services and expecting payment from her.

Therefore, we hold that the trial court did not err in granting the no-evidence summary judgment on Chico's quantum meruit claim.

## D. No-evidence summary judgment was proper on the breach-of-fiduciary-duty claim.

Just like it did with the other two claims, Mary's amended no-evidence motion for summary judgment challenged Chico to set forth evidence on each specific element of its breach-of-fiduciary-duty claim:

> Plaintiff has failed to produce any evidence that Plaintiff and Movant had a fiduciary relationship. To prove an action for breach of fiduciary duty, Plaintiff must establish Movant was Plaintiff's fiduciary. . . . In this instance, there was no formal or informal recognized fiduciary relationship created by law or contract. There is no fiduciary relationship imposed under Texas law between the owner of a royalty interest and the contractor for services with the operator of an oil and gas lease. Second, Plaintiff has failed to produce any evidence that Movant breached any fiduciary duty to Plaintiff, or that any alleged breach by Movant resulted in injury to Plaintiff or a benefit to Movant.

Again, Mary's no-evidence motion distinctly and explicitly challenged each element of this claim. *See Martin*, 247 S.W.3d at 233. Therefore, to survive Mary's amended no-evidence motion for summary judgment, Chico was required to set forth evidence of

8

the existence of a fiduciary duty, breach of the duty, causation, and damages. *Woodhaven Partners*, 422 S.W.3d at 838.

When asked at the summary-judgment hearing what evidence Chico had to support the existence of a fiduciary duty owed by Mary to Chico, Chico's counsel stated, "Everybody has a fiduciary relationship to everybody." But as the Supreme Court of Texas has explained, "It is well settled that 'not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship.'" *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005) (quoting *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 176–177 (Tex. 1997)). Indeed, in the context of a business transaction, "mere subjective trust does not . . . transform arm's-length dealing into a fiduciary relationship." *Schlumberger Tech. Corp*, 959 S.W.2d at 177. Simply put, Chico had to set forth more than a scintilla of evidence to show that it had a fiduciary relationship with Mary.

But Chico has failed to set forth even a scintilla of evidence that it had a relationship with Mary, let alone a fiduciary one. Nor did Chico set forth evidence of breach of any fiduciary duty, or damages caused by such a breach. Therefore, we hold that the trial court did not err in granting Mary's no-evidence motion for summary judgment on Chico's breach-of-fiduciary-duty claim.

Accordingly, we overrule Chico's first issue.

9

## IV. ISSUES 2 AND 3 NOT PRESERVED

Although she styled her motion as an amended no-evidence motion for summary judgment, Mary attached two affidavits and several exhibits. Chico objected to portions of two of the attached affidavits.

In its second issue, Chico contends that the trial court erred by granting summary judgment because the challenged affidavits contained inadmissible evidence. But Chico did not preserve this argument because it failed to obtain a ruling on its evidentiary objections. *See* Tex. R. App. P. 33.1(a)(2); *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164, 166 (Tex. 2018). Accordingly, we overrule Chico's second issue.

Chico's third and final issue challenges the trial court's denial of Chico's motion for the appointment of an ad litem attorney for Mary. But we need not reach this issue either. Because Chico directs us to no apparent final adverse ruling or refusal to rule in this record, the complaint is not preserved.[2] *See* Tex. R. App. P. 33.1(a)(2); *Castleberry v. Weatherford ISD*, No. 2-02-00183-CV, 2003 WL 1784578, at *3 (Tex. App.—Fort Worth Apr. 3, 2003, no pet.) (mem. op.) (affirming summary judgment

---

[2]Assuming *arguendo* that an adverse ruling did appear in the record, Chico does not explain, nor do we discern, how or why the purported denial of its motion for the appointment of an ad litem attorney for Mary caused the no-evidence motion for summary judgment to be granted. *See* Tex. R. App. P. 44.1(a) (stating that no judgment may be reversed on appeal on the basis that the trial court erred unless the court of appeals concludes that the error complained of probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case); *In re Marriage of Scott*, 117 S.W.3d 580, 584 (Tex. App.—Amarillo 2003, no pet.) (stating that the burden lies with an appellant to establish that the purported error caused rendition of an improper judgment).

and holding the appellant failed to preserve error regarding his motion to compel when the record showed that the trial court never granted or denied the motion to compel and that the appellant had not objected to the trial court's refusal to rule). Accordingly, we overrule Chico's third issue.

## V. CONCLUSION

Having overruled Chico's three issues, we affirm the trial court's judgment.

/s/ Dabney Bassel
Dabney Bassel
Justice

Delivered: July 3, 2019